### DRAKE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. PLEADING—ORAL DEMURRER.

Where summons and verified complaint were served, and after several adjournments defendant verbally interposed a demurrer to the complaint, he could not object to the action of the court in overruling it, as the municipal court act (Laws 1902, p. 1536, c. 580, § 145, subd. 2) expressly provides that where written complaint, verified or unverified, is served with the summons, a written answer or a written demurrer must be filed and issue joined on the return day.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob Drake against the Interurban Street Railway Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Feltenstein & Rosenstein, for respondent.

FREEDMAN, P. J. The only point raised by the appellant is that the court erred in overruling a demurrer to the complaint in this action. The summons and a verified complaint were served upon the appellant herein. After several adjournments, and upon one of the days fixed for trial, the defendant's attorney verbally interposed a demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the cause was again adjourned. A verified answer had already been interposed by the defendant, and upon the adjourned day the cause proceeded to trial, resulting in a final judgment in favor of the plaintiff, from which judgment the defendant appeals.

There is no ground shown for a reversal of the judgment herein. Subdivision 2 of section 145 of chapter 580, p. 1536, Laws 1902 (Municipal Court Act), provides that:

"In all cases where a written complaint, verified or unverified, is served with the summons, a written answer, verified if the complaint be verified, or a written demurrer, must be filed and issue joined upon the return day * * * unless the court further extends the time to answer or demur."

Upon the return day in this case, issue was joined by filing a verified answer to the verified complaint served with the summons herein. No written demurrer was ever filed.

Judgment affirmed, with costs. All concur.